UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
EWART LAWRENCE, Individually and
on Behalf of All Other Persons Similarly Situated,

                 Plaintiffs,

       -against-

ADDERLEY INDUSTRIES, INC. and
CABLEVISION SYSTEMS CORPORATION,

                 Defendants.
-------------------------------------------------------------X

IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAY 29 2009 ★

BROOKLYN OFFICE

No.

**COMPLAINT AND
JURY DEMAND**

BLOCK, J.

GO, M.J.

      Plaintiff EWART LAWRENCE  ("Plaintiff"), by counsel and on his own behalf and on behalf of all others similarly situated, individually for his Nationwide Collective Action and New York State Class Complaint against Defendants ADDERLEY INDUSTRIES INC. ("Adderley") and CABLEVISION SYSTEMS CORPORATION ("Cablevision") (hereafter collectively "Defendants"), alleges, upon information and belief, except for the allegations concerning Plaintiff's own actions, as follows:

## NATURE OF THE ACTION

      1.     Plaintiff alleges on behalf of himself and other similarly situated current and former cable installers/technicians employed by Defendants throughout the country and  who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), that they are: (i) entitled to unpaid wages from Defendants for work performed for which they did not receive any compensation, as well as overtime work for which they did not receive overtime premium pay or, if they were working on a piece-work basis, were not paid

premium pay for the piece work cable installations completed during hours worked in excess

of forty hours in a workweek, as required by law, and (ii) entitled to liquidated damages

pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.*

2.      Plaintiff complains, pursuant to Fed.R.Civ.P. 23, on behalf of himself and a

class of other similarly situated current and former cable installers/technicians of the

Defendants employed within the State of New York (the "New York Labor Law Class"), that

they are entitled to back wages from Defendants for work they performed, as well as for

overtime work for which they did not receive overtime premium pay as required by the New

York Labor Law §§ 650 *et seq.* and the supporting New York State Department of Labor

regulations ("NYLL").

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant

to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4.      This Court has jurisdiction over Plaintiff's NYLL claim pursuant to 28 U.S.C. §

1367, since it is so related to his FLSA claim that it forms part of the same case or

controversy.

5.      Venue is proper in this district pursuant to 28 U.S.C. §1391 as a substantial part

of the events or omissions giving rise to the claims occurred in this District.

6.      This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C.

§§ 2201 and 2202.

## THE PARTIES

7.      Plaintiff was, at all relevant times, an adult individual, residing in Brooklyn,

New York.

2

8.     From in or about April 2008 until in or about March 2009, Plaintiff was employed by Defendants as cable installer/technician.

9.     Defendant Adderley is a corporation organized and existing pursuant to the laws of the State of New York, with its principal place of business in the Bronx, New York. Adderley is a corporation that, among other things, serves the cable industry throughout the country.

10.     Defendant Cablevision, a leading telecommunications, media and entertainment company, is a corporation organized and existing pursuant to the laws of Delaware, with a place of business at 1111 Stewart Ave, Bethpage, New York.

11.     Defendants Adderley and Cablevision are establishments that, both individually and collectively, are engaged in related activities performed through a unified operation or control, for the common business purposes.

12.     Defendant Cablevision employed Plaintiff and other similarly situated employees by using a subcontractor system. Adderley is a subcontractor of Defendant Cablevision. Defendants Cablevision and Adderley controlled and supervised the work performed by Plaintiff and other similarly situated individuals. Specifically, Cablevision provided on-site supervision over the Plaintiff, provided Plaintiff with a uniform and identification badge, directed Plaintiff as to locations in which he was to work and directed Plaintiff to fill out daily paperwork documenting completed assignments.

## COLLECTIVE ACTION ALLEGATIONS

13.     Pursuant to 29 U.S.C. § 207, Plaintiff seeks to prosecute his FLSA claims as a nationwide collective action on behalf of all persons who are or were formerly employed by Defendants throughout the United States, as cable installers/technicians at any time since May

3

29, 2006 to the entry of judgment in this case (the "Collective Action Period") and who were not paid for hours that they actually worked, as well as for overtime compensation at rates not less than one and one-half times the regular rate of pay for hours worked in excess of forty hours per workweek or, if they were working on a piece work basis, were not paid premium pay for piece work cable installations they completed during hours worked over forty hours per work week (the "Collective Action Members").

14.     This collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendants, there are at least 100 Collective Action Members during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claims.

15.     Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiff has no interest that is contrary to or in conflict with those members of this collective action.

16.     A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

4

17.     Questions of law and fact common to Collective Action Members predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members.  Among the common questions of law and fact are:

a.   whether the Defendants employed, either individually or jointly, the Nationwide Collective Action members within the meaning of the FLSA;

b.   what proof of hours worked is sufficient where employers fail in their duty to maintain time records;

c.   whether Defendants violated  C.F.R. § 516.4 by failing to post or keep posted,  a notice explaining the minimum wages and overtime pay rights provided by the FLSA in any area in which Plaintiff and Collective Action Members are employed;

d.   whether Defendants failed to pay Plaintiff and the Collective Action Members for all hours which they worked and, whether they received proper overtime compensation for hours worked in excess of forty hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

e.   whether Defendants' violations of the FLSA were willful as that term is used within the FLSA; and

f.   whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees.

5

18.     Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

## CLASS ALLEGATIONS

19.     Plaintiff sues on his own behalf and on behalf of a class of persons under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

20.     Plaintiff brings his New York Labor Law claim on behalf of all persons who were employed, either individually or jointly employed in the State of New York by Defendants, as cable installers/technicians at any time since May 29, 2003 to the entry of judgment in this case (the "Class Period"), and who have not been paid all wages owed by them, including but not limited to overtime premiums, in violation of the New York Labor Law (the "Class").

21.     The persons in the Class identified above are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendants, there are at least 100 members of Class during the Class Period.

22.     The claims of Plaintiff are typical of the claims of the Class and a class action is superior to other available methods for the fair and efficient adjudication of the controversy -- particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against a defendant.

23.     Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

24.     Plaintiff is committed to pursuing this action and has retained competent counsel experienced in wage and hour law and class action litigation.

25.     Plaintiff has the same interests in this matter as all other members of the class and Plaintiff's claims are typical of the Class.

26.     There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

   a.  whether the Defendants employed, either individually and/or jointly, the members of the Class within the meaning of the New York Labor Law;

   b.  what proof of hours worked is sufficient where employers fail in their duty to maintain time records;

   c.  whether Defendants failed and/or refused to pay the members of the Class for all work performed by them, as well refusing to pay overtime premium for work performed in excess of forty hours per workweek within the meaning of the New York Labor Law;

   d.  whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, interest, costs and disbursements and attorneys' fees; and

   e.  whether Defendants should be enjoined from such violations of the New York Labor Law in the future.

## STATEMENT OF FACTS

27.    Plaintiff worked as a cable installer/technician for Defendants, installing Cablevision equipment at various premises.  His work was performed in the normal course of the Defendants' business and was integrated into the business of the Defendants.

28.    At all times relevant to this action, Defendants were the joint employers of the Plaintiff within the meaning of the FLSA and the NYLL.  Defendants do not act entirely independent of each other and are not completely dissociated with respect to the employment of the Plaintiff.  Defendant Cablevision, together with Adderley, maintains authority, control and supervision over Plaintiff and established the employment policies that were applied to Plaintiff.

29.    Defendants benefited financially from the work performed by Plaintiff.

30.    Defendant Adderley acts directly in the interest of Cablevision in relation to any supervision it provided over Plaintiff in the workplace.

31.    As joint employers, Defendants are both individually and jointly responsible for compliance with all applicable provisions of the FLSA and the NYLL.

32.    Plaintiff often worked in excess of 40 hours a week, yet the Defendants willfully failed to pay Plaintiff proper compensation for all of the hours worked by him as well as overtime compensation of one and one-half times his regular hourly rate or, if he was working on a piece-work basis, Defendants willfully failed to pay premium compensation for the piece work he completed during hours worked in excess of forty hours in a workweek.

33.    Throughout the Collective Action/Class Period, the Defendants likewise jointly employed other, similarly situated cable installers/technicians.  Such individuals have also worked in excess of forty hours a week yet the Defendants have likewise willfully failed to pay

8

them compensation for all of the hours worked by them as well as overtime compensation of one and one-half times their regular hourly rate or, if they were working on a piece-work basis, Defendants willfully failed to pay Collective Action Members/Class Members, premium compensation for the piece work they completed during hours worked in excess of forty hours.

34.     The exact number of such individuals is presently unknown, but within the sole knowledge of the Defendants and can be ascertained through appropriate discovery.

35.     During the course of Plaintiff's own employment, and while Defendants employed Plaintiff and the Collective Action/Class Members, the Defendants failed to maintain accurate and sufficient time records.

36.     Throughout all relevant time periods, Defendants failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA and the NYLL.

## CLAIM FOR RELIEF:
## FAIR LABOR STANDARDS ACT

37.     Plaintiff, on behalf of himself and all Collective Action Members, realleges and incorporates by reference paragraphs 1 through 36 as if they were set forth again herein.

38.     Plaintiff consents in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

39.     At all relevant times, Defendants have been and continue to be, employers and/or joint employers, engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA.

40.     At all relevant times, Defendants have jointly and/or individually employed, and/or continue to individually and/or jointly employ, Plaintiff and each of the Collective Action Members within the meaning of the FLSA.

41.     At all relevant times, Defendants, individually and/or jointly, suffered or permitted the Plaintiff and the Collective Action Members to work.

42.     At all relevant times, the Defendants had a policy and practice of refusing to pay premium overtime compensation to cable installers/technicians for the hours they worked in excess of forty hours per workweek as well as compensation for all hours worked by them.

43.     As a result of the Defendants' willful failure to compensate its cable installers/technicians, including Plaintiff and the Collective Action Members for all of the hours worked by them, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, the Defendants have violated and continue to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

44.     As a result of the Defendants' failure to record, report, credit and/or compensate Plaintiff and the Collective Action Members, the Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

45.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning 29 U.S.C. § 255(a).

46.     Due to the Defendants' FLSA violations, Plaintiff, on behalf of himself and the Collective Action members, are entitled to recover from the Defendants their unpaid wages as

well as overtime compensation, liquidated damages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF:
## NEW YORK LABOR LAW

47.     Plaintiff, on behalf of himself and the members of the Class, reallege and incorporate by reference paragraphs 1 through 38 as if they were set forth again herein.

48.     At all relevant times, Plaintiff and the members of the Class were jointly and/or individually employed by Defendants within the meaning of the New York Labor Law §§ 2 and 651.

49.     Defendants willfully violated Plaintiff's rights and the rights of the Class, by failing to pay them for all hours worked, as well as for overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of the New York Labor Law and its regulations.

50.     Defendants' New York Labor Law violations have caused Plaintiff and the Class irreparable harm for which there is no adequate remedy at law.

51.     Due to Defendants' New York Labor Law violations, Plaintiff and the Class are entitled to recover from Defendants their unpaid wages for all hours worked, overtime compensation, reasonable attorneys' fees and costs and disbursements of the action, pursuant to New York Labor Law § 663(1).  Plaintiff waives all claims for liquidated damages pursuant to New York Labor Law.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff on behalf of himself and all other similarly situated Collective Action Members and members of the Class, respectfully requests that this Court grant the following relief:

a.     Designation of this action as a nationwide collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all Collective Action Members, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b) and appointing Plaintiff and his counsel to represent the Collective Action Members;

b.     Certification of this action as a class action pursuant to Fed.R.Civ.P. 23(b)(2) and (3) on behalf of the members of the Class and appointing Plaintiff and his counsel to represent the Class;

c.     A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

d.     An award of unpaid wages as well as overtime compensation due under the FLSA and the NYLL;

e.     An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay for all hours worked as well as overtime compensation pursuant to 29 U.S.C. § 216 only;

f.     An award of prejudgment and post judgment interest;

g.    An award of costs and expenses of this action together with reasonable attorneys' fees and expert fees; and

h.    Such other and further relief as this Court deems just and proper.


## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.


Dated: Rye Brook, New York
       May 28, 2009

KLAFTER OLSEN & LESSER LLP

By: _____
      Fran L. Rudich
Jeffrey A. Klafter
Seth R. Lesser
Fran L. Rudich
Two International Drive, Suite 350
Rye Brook, New York 10573
(914) 934-9200

BERGER & ASSOCIATES
Bradley Berger
321 Broadway
New York, New York 10007
(212) 571-1900


*Attorneys for Plaintiff*

13